IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JONATHON L. ARMENDARIZ, | ) | |
| Petitioner, | ) | 8:15CV161 |
| V. | ) | |
| SCOTT R. FRAKES, Director of the Nebraska Department of Corrections, | ) | **MEMORANDUM AND ORDER** |
| Respondent. | ) | |

This matter is before the court on Petitioner Jonathon Armendariz's Petition for Writ of Habeas Corpus ("petition"). (Filing No. 1.) For the reasons that follow, the court will dismiss the petition with prejudice and deny a certificate of appealability.

## I. BACKGROUND

In July, 2011, Petitioner pled guilty to one count of second degree murder and one count of use of a firearm to commit a felony. Petitioner was sentenced to 80 years to life imprisonment on the murder charge, and 10 to 20 years imprisonment on the firearm charge. (Filing No. 5-3 at CM/ECF pp. 4-5.) Petitioner was 17 years old at the time the crimes were committed.

Petitioner filed a direct appeal, arguing that the district court abused its discretion by imposing excessive sentences. (Filing No. 5-4 at CM/ECF pp. 5, 7-14.) The Nebraska Supreme Court summarily affirmed the district court's judgment. (Filing No. 5-1 at CM/ECF p. 2.)

Petitioner then filed a motion for post-conviction relief in the state district court, and later an amended post-conviction motion. (Filing No. 5-13 at CM/ECF pp. 3, 37.)

Petitioner raised several claims in his post-conviction motion, including a claim that his trial counsel was ineffective for failing to raise the invalidity of his plea based on *Miller v. Alabama*, 132 S.Ct. 2455 (2012) on direct appeal. (Filing No. 5-13 at CM/ECF pp. 96-100.) Petitioner asserted that counsel should have argued that his plea should be withdrawn because Petitioner only agreed to plead guilty to avoid a life sentence without parole. (*Id*.) The district court denied Petitioner's post-conviction claims without an evidentiary hearing. (Filing No. 5-13 at CM/ECF pp. 138-45.)

Petitioner appealed to the Nebraska Supreme Court, which affirmed the district court's judgment. (Filing No. 5-3.) In doing so, the Nebraska Supreme Court stated the following with respect to Petitioner's *Miller* claim:

> In *Miller v. Alabama*, the U.S. Supreme Court held that a juvenile cannot be subject to a mandatory sentence of life imprisonment without parole for a homicide. If applied to Armendariz, who was 17 years old at the time of the murder, *Miller* would have eliminated the possibility of mandatory life imprisonment for a first degree murder charge. *Miller* was decided after Armendariz entered his plea. Because of this timing, the district court reasoned *Miller* could not be the basis of Armendariz' ineffective assistance of counsel claim.
>
> But Armendariz did not allege that trial counsel was ineffective in failing to anticipate *Miller* at the time he advised Armendariz to enter the plea. Instead, he argues that his counsel was ineffective for failing to raise an appellate argument based on *Miller*.
>
> Armendariz acknowledges that *Miller* was not actually decided until after his direct appeal was completed. He argues, however, that the U.S. Supreme Court had granted certiorari in *Miller* before counsel submitted his direct appeal brief. Armendariz alleges that his counsel acted in a deficient manner because he should have been aware of the potential impact of *Miller* on his case and should have asked that the appeal be stayed pending the outcome of *Miller*.
>
> Appellate counsel did not perform in a deficient manner by failing to ask

that the appeal be stayed pending the outcome of *Miller*. The failure to anticipate a change in existing law does not constitute deficient performance.

(Filing No. 5-3 at CM/ECF p. 12); *State v. Armendariz*, 289 Neb. 896, 911, 857 N.W.2d 775, 788 (2015) (footnotes omitted).

## II. DISCUSSION

Petitioner alleges that his sentence for second degree murder violates the Eighth Amendment's prohibition against cruel and unusual punishment. Petitioner, who was 17 years old at the time the crimes were committed, argues that his sentence is unconstitutional under *Miller* because it is "essentially" a life sentence. (Filing No. 1 at CM/ECF p. 24.) Petitioner's brief in response to Respondent's answer also asserts that his trial counsel provided ineffective assistance by failing to raise on direct appeal the invalidity of his plea under *Miller*.

In *Miller*, the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 132 S.Ct. at 2469. Applying *Miller*, the Eighth Circuit Court of Appeals recently concluded that a 600-month sentence imposed on a juvenile homicide offender did not fall within *Miller's* categorical ban on mandatory life-without-parole sentences. *United States v. Jefferson*, No. 15-1309, 2016 WL 945570, *2 (8th Cir. March 14, 2016). The Eighth Circuit explained that the Supreme Court in *Miller* "did not hold that the Eighth Amendment categorically prohibits imposing a sentence of life without parole on a juvenile offender." *Id*. at *2. Rather, "the Court held that the *mandatory* penalty schemes at issue prevented the sentencing judge or jury from taking into account 'that the distinctive attributes of youth diminish the penological justifications for imposing the harshest sentences on juvenile offenders, even when they commit terrible crimes." *Id*. at *2 (quoting *Miller*, 132 S.Ct. at 2475) (emphasis in original). Other circuit courts have similarly declined to

apply *Miller's* ban to discretionary life sentences. *See Davis v. McCollum*, 798 F.3d 1317, 1321-22 (10th Cir. 2015); *Croft v. Williams*, 773 F.3d 170, 171 (7th Cir. 2014); *Belle v. Uribe*, 748 F.3d 857, 869 (9th Cir. 2013).

Petitioner's sentence does not fall within *Miller*'s categorical ban on mandatory life-without-parole sentences. Petitioner was convicted of second degree murder, which is a Class IB felony under Nebraska law. *See* Neb. Rev. Stat. § 28-304(2) (Reissue 2008). The state district court had discretion to sentence Petitioner within the statutory sentencing range for a Class IB felony, which is 20 years to life in prison. Neb. Rev. Stat. § 28-105. Utilizing this discretion, the state district court explicitly considered, among other things, Petitioner's age, mentality, education, and experience when sentencing him. (Filing No. 5-14 at CM/ECF pp. 40-42.) Moreover, Petitioner is, in fact, eligible for parole. Pursuant to Neb. Rev. Stat. § 83-1,110 (Reissue 2008), an offender becomes eligible for parole after serving "one-half the minimum term of his or her sentence." Therefore, Petitioner's argument that his sentence is unconstitutional under *Miller* lacks merit.

Also, to the extent that Petitioner asserts that his counsel was ineffective by failing to raise on direct appeal the invalidity of his plea under *Miller,* this argument fails. The Nebraska Supreme Court previously rejected Petitioner's claim, stating "counsel did not perform in a deficient manner by failing to ask that the appeal be stayed pending the outcome of *Miller*. The failure to anticipate a change in existing law does not constitute deficient performance." (Filing No. 5-3 at CM/ECF p. 12); *State v. Armendariz*, 289 Neb. 896, 911, 857 N.W.2d 775, 788 (2015) (footnote omitted). The Nebraska Supreme Court's conclusion is consistent with federal law and was based upon a reasonable determination of the facts. *See Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996) (stating that "[f]ailure to anticipate a change in existing law does not amount to ineffective assistance of counsel"). Therefore, Petitioner's Petition for Writ of Habeas Corpus will be dismissed.

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. [28 U.S.C. § 2253(c)(1)](#); [28 U.S.C. § 2253(c)(2)](#); [Fed. R. App. P. 22(b)(1)](#). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in [*Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000)](#). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED:

1. This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2. The court will not issue a certificate of appealability in this matter.

DATED this 2nd day of May, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge