IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JONATHON L. ARMENDARIZ, | ) | |
| | ) | |
| Petitioner, | ) | 8:15CV161 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT R. FRAKES, Director of the | ) | **MEMORANDUM AND ORDER** |
| Nebraska Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner's Motion to Reopen Judgment (Filing No. 17), Motion for Order Extending Time for Appeal (Filing No. 18), and Motion for Leave to Proceed In Forma Pauperis (Filing No. 16). The motions will be denied.

## BACKGROUND

On May 2, 2016, this court dismissed Petitioner's habeas petition with prejudice and entered judgment. (Filing Nos. 13, 14.) On November 21, 2016, Petitioner filed a Notice of Appeal (Filing No. 15), Motion for Leave to Proceed In Forma Pauperis (Filing No. 16), Motion to Reopen Judgment (Filing No. 17), and Motion for Order Extending Time for Appeal (Filing No. 18).

## DISCUSSION

Federal Rule of Appellate Procedure 4 ("Rule 4") governs the time in which a notice of appeal must be filed. As set forth in Rule 4, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Rule 4 permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," (i.e., within 30 days after expiration of the appeal deadline); and (2) regardless of the "extension period," the appellant shows excusable neglect or good cause for the delayed filing of

the appeal. Fed. R. App. P. 4(a)(5)(A).

Petitioner's Notice of Appeal is clearly untimely under Rule 4. In addition, the Notice was filed months after the 30-day appeal period expired, meaning that the court's authority under Fed. R. App. P. 4(a)(5) to extend the time to file a notice of appeal for "excusable neglect or good cause" has also expired.

Rule 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days. However, the following conditions must be satisfied before the court can grant such relief: (1) the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment, (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d), whichever is earlier, and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6). Petitioner does not qualify for relief under this provision as judgment was entered more than 180 days before the Motion to Reopen was filed, and the court is unable to conclude that no party would be prejudiced by reopening the appeal period.

Petitioner also is not entitled to relief under Fed. R. Civ. P. 60, which allows the court to relieve a party from a final judgment in certain situations. However, to succeed on a motion under Rule 60, the moving party must show exceptional circumstances justify relief. Brooks v. Ferguson-Florissant School District, 113 F.3d 903, 904 (8th Cir. 1997). Petitioner argues that he is entitled to relief under Rule 60 because, at the time judgment was entered, he was in administrative detention and did not have access to the law library. The fact that Petitioner was in segregation at the time the judgment was entered does not constitute an exceptional circumstance. Moreover, Petitioner does not allege that he did not receive notice of the judgment or that he was prevented from filing documents with the court. See Marshall v. Wisconsin, Case No. 13-cv-111-pp, 2016 WL 799130, *2 (E.D. Wis. Feb. 29, 2016) (stating that limited access to law library and limited financial resources "do not justify the granting of an extraordinary remedy under Rule 60").

Petitioner also argues that he is entitled to relief under Rule 60 because the clerk of court did not advise Petitioner as to appellate filing deadlines and the appropriateness of filing a motion for extension of time. Petitioner relies on *Campbell v. White*, 721 F.2d 644 (8th Cir. 1983), in which the Eighth Circuit Court of Appeals indicated that court clerks should notify litigants of the time limitations for filing notices of appeal. To the extent, if any, that *Campbell* requires court clerks to provide notice of time limitations to pro se litigants, the case is distinguishable on the basis that it involved an appeal from a civil rights action brought pursuant to 42 U.S.C. § 1983, not, as here, a federal habeas proceeding. Therefore, Petitioner has failed to demonstrate exceptional circumstances justifying relief under Rule 60.

Because Plaintiff's Notice of Appeal is untimely, the court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915. Therefore, Petitioner's Motion for Leave to Proceed In Forma Pauperis (Filing No. 16) will be denied.

IT IS THEREFORE ORDERED:

1. Petitioner's Motion to Reopen Judgment (Filing No. 17) and Motion for Order Extending Time for Appeal (Filing No. 18) are denied.

2. Petitioner's Motion to Proceed In Forma Pauperis (Filing No. 16) is denied.

3. The clerk of court shall forward a copy of this order to the Eighth Circuit Court of Appeals.

DATED this 21st day of December, 2016.

BY THE COURT:

S/ *Richard G. Kopf*
Senior United States District Judge